Osborn v. Huffman.

## SEWER ASSESSMENTS.

[Montgomery Circuit Court.]

Summers, Wilson and Sullivan, JJ.

*CYRUS V. OSBORN ET AL. V. FRANK T. HUFFMAN, TREAS., ET AL.

IRREGULAR SEWER ASSESSMENTS PARTIALLY ENFORCIBLE.

Under the curative provisions of the statute, sewer assessments, which are illegal for irregularity in the proceedings, are enforcible, to the extent that expense has been incurred which is properly chargeable against the property assessed, and not in excess of benefits.

APPEAL.

WILSON, J.

This is an action to enjoin the collection of certain sewer assessments on account of irregularities in the proceedings.

It appears that after the authorities had divided the city into sewer districts, as provided by law, and let the contract for building the sewers in district number one according to law, they attached certain additional territory, embraicng the real estate of the plaintiffs, to said district, extended the sewer system into the added territory, and let the extended work to the same contractor, upon the same terms as in the contract for the original district, without advertising the same, and without competition. No other irregularity is complained of.

At the time this action was commenced, no work had been done under the contract so irregularly entered into, affecting the property of the plaintiffs, but, pending the action, the work has been completed and a number of the plaintiffs have connected their property with the sewer so constructed. It is alleged in the answer filed by the city, that it had accepted and paid for the work; that there are no defects in the construction; that it has been completed at a reasonable cost; that strict regard has been paid to the limitation of assessments, and that the real estate of the plaintiffs has been greatly benefited. These allegations are admitted to be true, no reply having been filed in the case.

It was also conceded on the trial, that the contract price paid for the work was the reasonable cost price.

The question to be determined here, is, What are the rights of the parties under the existing circumstances?

Upon the facts stated, under the authority of Upington v. Oviatt, 24 Ohio St., 232, and Becher v. McCloud, 2 Circ. Dec., 561, we conclude that the assessments in this case, though not conclusive, are enforcible, to the extent expense has been incurred which is properly chargeable against the property assessed, and that within the meaning of the statute, the expense so chargeable to the added territory is the whole of the contract price for the additional work, together with a proportionate share of the cost of the main, in sewer district number one, not in excess of benefits.

It is therefore ordered that the temporary restraining order herein be dissolved; that the plaintiffs be adjudged to pay the assessments respectively as entered upon the tax duplicate, and that the parties hereto pay the costs made by them respectively.

---

* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, 58 Ohio St., 697.